775 So.2d 987 (2000)
Andre FLADELL, and Alberta McCarthy, Lillian Gaines, and all other similarly situated electors in Palm Beach County, Florida, Appellants,
v.
Honorable Jorge LABARGA, Palm Beach County Canvassing Board, as constituted by County Court Judge Charles Burton; Supervisor of Elections Theresa LePore; and County Commissioner Carol Roberts; George W. Bush, Dick Cheney, Al Gore and Joe Lieberman, Appellees.
Beverly Rogers and Ray Kaplan, individually and on behalf of other similarly situated electors in Palm Beach County, Florida, Appellants,
v.
The Elections Canvassing Commission of the State of Florida; Governor Jeb Bush, Secretary of State Katherine Harris; Clay Roberts, Director of the Division of Elections of the State of Florida; Theresa LePore, Supervisor of Elections for Palm Beach County; the Palm Beach County Elections Canvassing Commission; Al Gore; and George W. Bush, Appellees.
Nos. 4D00-4145, 4D00-4146 and 4D00-4153.
District Court of Appeal of Florida, Fourth District.
November 27, 2000.
Henry B. Handler, David K. Friedman, Donald Feldman, and William J. Cornwell, of Weiss & Handler, P.A., Boca Raton, for appellants-Andre Fladell, Alberta McCarthy and Lillian Gaines.
Gary M. Farmer, Jr. of Gillespie, Goldman, Kronengold & Farmer, P.A., David H. Krathen of Law Offices of David Krathen, Fort Lauderdale, and Stephen A. Sheller of Sheller, Ludwig & Badey, Philadelphia, PA., for appellants-Beverly Rogers and Ray Kaplan.
Leonard Berger, West Palm Beach, Bruce Rogow and Beverly Pohl, Fort Lauderdale, and Robert M. Montgomery, Jr., West Palm Beach, for appellees-Palm Beach County Canvassing Board and Supervisor of Elections Theresa LePore.
Barry Richard of Greenberg Traurig, P.A., Tallahassee, for appellee-George W. Bush.
Laughlin McDonald, Neil Bradley, Cristina Correia, Bryan Sells, Atlanta, GA, Steven R. Shapiro, New York, NY, Randall C. Marshall, Miami, and James K. Green, West Palm Beach, for Amicus Curiae-American Civil Liberties Union.
Jay Alan Sekulow, Thomas P. Monaghan and Kevin H. Theriot, Virginia Beach, VA, David A. Cortman, Lawrenceville, GA, and Colby M. May and Stuart J. Roth, Washington, D.C., for Amicus Curiae American Center for Law and Justice.
EN BANC
PER CURIAM.

ON MOTION TO CERTIFY QUESTION PURSUANT TO FLORIDA RULE OF APPELLATE PROCEDURE 9.125
The appellants have requested certification of this issue to the Florida Supreme Court as being one of great public importance requiring immediate resolution by the supreme court. Now that the election results have been received, and the Secretary of State has declared the successful candidate as of Sunday evening, November 26, 2000, this election contest is now ripe for decision.
This case involves whether or not a revote in the presidential election limited to *988 Palm Beach County is available under Florida and federal law. Because delay in the ultimate resolution of this issue may be critical, and resolution of this issue is one of first impression upon which the state supreme court would ultimately decide, we now grant the certification request and certify the order of the trial court as being one of great public importance requiring immediate resolution by the supreme court pursuant to Florida Rule of Appellate Procedure 9.125. The court therefore dispenses with oral argument previously set.
GUNTHER, STONE, POLEN, STEVENSON, SHAHOOD and TAYLOR, JJ., concur.
KLEIN, J., dissents in an opinion in which WARNER, C.J., concurs.
DELL, FARMER, GROSS and HAZOURI, JJ., recused.
KLEIN, J., dissenting.
As a member of the three judge panel assigned to this case, which also included Chief Judge Warner, I dissent from this court's en banc decision finding that this case "requires immediate resolution by the Florida Supreme Court." The relief sought by plaintiffs in this action to contest the November 7, 2000 election, which is a revote only in Palm Beach County, not in the entire state, would be unprecedented. In addition a revote for the whole state, which was not requested in this case, would be contrary to federal law.
The first problem in this case is that it was filed in the wrong trial court. Section 102.165 of our election code, provides:
Venue.The venue for contesting a nomination or election or the results of a referendum shall be in the county in which the contestant qualified or in the county in which the question was submitted for referendum or, if the election or referendum covered more than one county, then in Leon County. (Emphasis added.)
§ 102.1685, Florida Statutes (2000). Because this election was state-wide, this action should have been filed in or transferred to Leon County so that it could be treated in a manner consistent with other suits to contest the election.
In addition, a revote is not authorized under federal law, which is ultimately controlling. Article 2, § 1 of the Constitution of the United States provides: "The Congress may determine the Time of Choosing the Electors, and the Day on which they shall give their Votes; which Day shall be the same throughout the United States." Congress subsequently determined that:
The electors of President and Vice President shall be appointed, in each State, on the Tuesday next after the first Monday in November in every fourth year succeeding every election of a President and Vice President. 3 U.S.C.A. § 1.
* * * * * *
Whenever any State has held an election for the purpose of choosing electors and has failed to make a choice on the day prescribed by law, the electors may be appointed on a subsequent day in such manner as the legislature of such State may direct. 3 U.S.C.A. § 2.
If a Florida court were to void the November 7, 2000 election for electors, it would then be up to the Florida legislature to appoint the electors under 3 U.S.C.A. § 2.
Even if a revote were an available remedy under section 102.168, our election contest statute, I conclude that the only type of revote the plaintiffs could seek would be a revote by the entire state. Plaintiff's contest is based upon what it alleges is a substantial noncompliance with statutory election procedures (the butterfly ballot) which creates reasonable doubt as to whether the certified election expressed the will of the voters, and relies on Beckstrom v. Volusia County Canvassing Board, 707 So.2d 720, 725 (Fla.1998). Beckstrom, which concerned an election for sheriff of one county, states that an *989 election can be voided, but does not address a revote of less than all of the voters. A revote limited only to Palm Beach County, which is the only relief sought in this case, is unprecedented in Florida and elsewhere.
Section 102.168 provides in subsection (1) that "the certification of election... may be contested." For presidential elections, section 103.011 provides that "The Department of State shall certify as elected the presidential electors of the candidates for President and Vice President who receive the highest number of votes." There is, in this type of election, one state-wide election and one certification. Palm Beach County did not elect any person as a presidential elector, but rather the election was a winner-take-all proposition, dependent on the state-wide vote.
I therefore conclude that, in its present posture, we should have decided the case rather than immediately sending it to the Florida Supreme Court.
WARNER, C.J., concurs.